

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LAURA M. RIVERA, | \* | CIV 06-3021 |
| | \* | 2008 D.S.D. 16 |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | OPINION AND ORDER |
| | \* | |
| TIM REISCH, Secretary of the S.D. Department of Corrections, and DUANE RUSSELL, Warden of the S.D. Women's Prison, | \* | |
| | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**KORNMANN, U.S. DISTRICT JUDGE**

[¶1] Plaintiff, an inmate at the South Dakota Women's Prison, instituted a claim contending that defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment to the United States Constitution. She also alleges that she was punished for her actions, which actions arose from the Prison's failure to properly treat her serious mental health needs. Finally, plaintiff contends that she was punished in retaliation for the present law suit.

[¶2] Defendants' motion for summary judgment on the issues of Eleventh Amendment immunity as to all damages claims and qualified immunity as to the deliberate indifference claim was referred to the magistrate. I rejected the magistrate's report and recommendation and denied the motion for summary judgment. Defendants appealed. The United States Court of Appeals for the Eighth Circuit has remanded this matter with directions to rule upon the question of defendants' qualified immunity. No party has sought leave to conduct discovery before the court rules and discovery would not seem to be of any benefit before the court rules on the question of qualified immunity.

[¶3] "A state official is protected from suit by qualified immunity so long as the official's 'conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known.'" Irving v. Dormire, 519 F.3d 441, 446 (8th Cir. 2008) (*quoting* Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (*quoting in turn* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982))). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002). The facts alleged are considered in the light most favorable to the plaintiff. Irving v. Dormire, 519 F.3d at 446. "If a violation occurred, we then ask whether the constitutional right was clearly established from the perspective of a reasonable official in the defendant's position at the time of the defendant's conduct." *Id.*

[¶4]    Deliberate indifference to serious medical needs of prisoners is actionable in a § 1983 action "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). In order to establish a *prima facie* case of deliberate indifference, plaintiff in this case must allege that she suffered from an objectively serious mental health need and that "prison officials actually knew of but deliberately disregarded" that mental health need. Popoalii v. Correctional Medical Services, 512 F. 3d 488, 499 (8th Cir. 2008) (*quoting* Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006). Mere negligent or inadvertent failure to provide adequate care is not enough. Estelle v. Gamble, 429 U.S. at 105-106, 97 S.Ct. at 291-292.

[¶5]    Prison officials are entitled to have their claim of qualified immunity determined at an early time, certainly before expert discovery is conducted. Where the complaint involves treatment of a prisoner's sophisticated mental health condition, expert testimony is required to show proof that prison officials' course of treatment was inadequate. Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006). A *pro se* indigent plaintiff is in no position to provide an expert response to a summary judgment motion on the issue of whether in fact the mental health care she received was adequate. It is just for that reason that the motion for summary judgment was denied pending a determination of whether the purported class action instituted by an attorney, wherein plaintiff was originally named as a proposed class plaintiff, would be certified

2

and whether plaintiff's claims would be better litigated in that action. The primary purpose of summary judgment on the grounds of qualified immunity is "to protect governmental officials from both the burdens of trial and discovery." Lovelace v. Delo, 47 F.3d 286, 287 (8th Cir. 1995). At the time I denied the motion for summary judgment, defendants here were in no danger of having to continue to litigate this action until after a determination was made as to class certification in the separate suit.

[¶6] "Whether a given set of facts entitles the defendant to qualified immunity is a question of law which may be decided on summary judgment. However, if there is a dispute over facts that might affect the outcome of the suit under the law of qualified immunity, there can be no summary judgment." Creighton v. Anderson, 922 F.2d 443, 447 (8th Cir. 1990) (citations omitted). Defendants certainly do dispute plaintiff's claim that they were deliberately indifferent to her serious mental health needs. Summary judgment would be inappropriate on that basis alone. Nonetheless, I will proceed to analyze defendants' immunity claim based upon the record present. Plaintiff's hand-written *pro se* complaint must be liberally construed. Estelle v. Gamble, 429 U.S. at 106, 97 S.Ct. at 292.

[¶7] Plaintiff alleges in her complaint that a medical doctor prescribed medication for her mental illness but that an official at the South Dakota Women's Prison changed her medication. She alleges that the course of treatment provided by the prison did not control her "psychotic episodes" and that she was repeatedly punished for her behavior during such episodes. She also claims that she was not adequately protected from other violent inmates and that she was assaulted by inmates because of her psychotic behavior. She contends that any refusal to take medication was in response to the Prison's failure to protect her and her perception that she must "remain alert" in order to protect herself.

[¶8] Plaintiff set forth in her papers in resistance to summary judgment that, prior to incarceration, she was diagnosed with various mental health disorders, including bipolar disorder, schizo-affective disorder, psychosis, and severe depression. A psychiatrist prescribed a course of treatment that included several prescription medications. The Eighth Circuit has "defined a serious medical need as 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for

a doctor's attention.'" United States v. Camberos, 73 F.3d 174, 176 (8th Cir. 1995) (*quoting* Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991). There is no question from the record before the court that plaintiff's mental health condition and disorders constitute serious medical needs.

[¶9]   When she arrived at the South Dakota Women's Prison, her mental health care was managed or mis-managed by Crystal Grevig, who has a master's of science degree in clinical psychology. A psychologist has no authority under South Dakota law to prescribe or dispense drugs. One would wonder then what authority a psychologist would have to interfere with medications prescribed by a medical doctor and determined by a medical doctor as being essential to the health and well being of the patient. It would seem to be elementary that a non-M.D. cannot trump the medical orders which only and M.D. may issue. Plaintiff alleges that a person unauthorized to prescribe medicine determined that plaintiff should not continue with a course of medications prescribed by a specialist in the care of mental health disorders. Where medical treatment deviates from the applicable standard of care, deliberate indifference may be shown. *See*, Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001). "While it is true that courts hesitate to find an eighth amendment violation when a prison inmate has received medical care . . that '[h]esitation does not mean . . . that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's deliberate indifference to the inmate's medical needs.'" Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990). The Eighth Circuit in Smith was concerned with factual disputes including the fact that the record failed to disclose whether the physician treating the inmate "was qualified to diagnose and treat mental illness."

[¶10]   Plaintiff has alleged that she suffered from an objectively serious mental health need and that prison officials actually knew of but deliberately disregarded that mental health need. Her allegations, if ultimately established as true, would constitute a violation of the Eighth Amendment. Popoalii v. Correctional Medical Services, 512 F.3d at 499 ("A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment").

4

[¶11]   We now turn to the issue of whether the constitutional right was clearly established from the perspective of a reasonable official in the defendants' position at the time of the defendants' conduct. The United States Supreme Court held in Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), that deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id* at 104-105, 97 S.Ct. at 291. The "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose . . . the infliction of such unnecessary suffering is inconsistent with contemporary standards of decency." Estelle v. Gamble, 429 U.S. at 103, 97 S.Ct. at 290.

[¶12]   I must also determine whether it would be clear to a reasonable correctional official that his or her (alleged) conduct was unlawful. It has been clear in this Circuit since at least 1990 that the principle set forth in Estelle v. Gamble "extends to an inmate's mental-health-care needs." Smith v. Jenkins, 919 F.2d at 93.

> Prison staff violate the Eighth Amendment if they are deliberately indifferent to an inmate's serious mental-health-care needs. Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed.

Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (*citing* Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 290-92, 50 L.Ed.2d 251 (1976)). Prison officials have been on notice for decades that deliberate indifference to an inmate's serious mental health needs violates the Eighth Amendment. Prison "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope v. Pelzer, 536 U.S. at 741, 122 S.Ct. at 2516.

[¶13]   Defendants are not entitled to summary judgment on the basis of qualified immunity. Plaintiff has alleged a *prima facie* case of deliberate indifference to her serious mental health needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff's right to treatment for her serious mental health needs is clearly established and reasonable correctional

officials would have been on notice that deliberate indifference to those needs could subject them to liability under 42 U.S.C. § 1983.

[¶14]   Now, therefore,

[¶15]   IT IS ORDERED that defendants' motion for summary judgment on the basis of qualified immunity is denied.

[¶16]   Dated this 23rd day of June, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Yaeple
            DEPUTY
    (SEAL)

6